BaltzeíIi, J.,
delivered the following opinion i
The record in this case presents an application for a bill of review through a petition and affidavit for that purpose, alleging the pen-dency of a suit in Chancery between petitioner and others, and defendants and others, for partition and the rendition of a decree in the case, which is stated to have been duly recorded and signed. It asks for liberty to file a bill of review for the purpose of having said decree reviewed, reversed and set aside, having recited facts, in the opinion of the applicant, sufficient to entitle him thereto.
The Court below refused the application, from which an appeal is taken to this Court.
It is conceded that a bill of review lies only after a final decree, so that the first enquiry is whether the decree rendered in this case is of that character.
■ By reference to the record, it is seen that the decree passed by consent for the ascertaining the interest of the respective parties, and also appointing commissioners to make partition of the lands and premises mentioned in the pleadings among the said parties, according to their respective rights and interests therein, as ascertained by this Court and established by this decree, and said commissioners were ordered, after havirig made such partition, to “ report the same in writing to this Court without delay.”
We are clearly of opinion that this is an interlocutory and not a final decree. “ In proceedings in partition, both at law and in equity, there are two judgments and decrees, the one interlocutory and the other final. The first is quod partitio fiat inter partes detene-mentis, upon which a writ or commission goes commanding that partition be made, and upon the return of this writ or commission executed, if the proceedings are approved by the Court; the second judgment is given quod partitio prcedicta firma et stabilis in perpetuwm, teneaiur. This is the principal judgment, and of the other before this is given no writ of error lies.” 1 Coke Litt., 167, b., 168, a. Thomas Coke, 1 vol., 807-8. 8 Missouri Rep., 55. “All the authorities state that a bill for partition is exactly the same as the writ at common law.” 17 Vesey, 549.
*467 It is contended, however, that the test of a decree’s being final, is that an appeal will lie upon it; and we have, been referred to various cases of partition in the English Courts, showing appeals from decisions of the Master of the Rolls to the Lord Chancellor in cases like the one under consideration. If their mode of proceeding were like ours, such an authority would be entitled to great respect. But we find no such similitude or resemblance. By our statute, which in this respect is the same as that prevailing in the Circuit and District Courts of the United States, a decree must be Jinal before an appeal can be had. Not so in the English Courts of Chancery; for there an appeal may be taken from every order on a petition, motion or interlocutory decree, in the progress of the suit; and this seems to be the course in New-York. 3 John. Chy., 66, 68, 123, 163. 15 Vesey, 184. 16 Vesey, 213, 218. 18 Vesey, 453. 9 Vesey, 319. 14 Vesey, 184. 15 Vesey, 585.
If there were doubt, however, as to the character of this decree upon the authorities, there can be none under the law of the Legislature under which this proceeding was instituted. The sixth section of the Act “ to provide for the partition or division of real estates, approved 14 March, 1844,” enacts that either party may file objections to the report of the commissioners within ten days after they shall be notified of the filing of the same, &c.; and if no objections are filed, or if the Court is satisfied that they are not well founded, then the report shall be confirmed, and a final decree shall be entered up, which shall accordingly vest in the respective parties the title of the several parcels or portions of the premises allotted to them respectively, and shall give to each of them the possession and quiet title to their respective shares as against the other parties to the suit, or those claiming through-or'under them, and a certified copy of said decree recorded in the office of the County Clerk in which the lands lie, shall have the same effect as if mutual releases had been executed between the parties. Acts of 1844, pages 23-4.
The decree in this case being interlocutory, a supplemental bill in the nature of a bill of review, would seem to be the appropriate remedy. 2 John. Chy., 490. 2 Atk. 40, 534. 2 Vesey, Senr., 598. Mit., 71. 17 Vesey, 177. Possibly an original bill might accomplish the object. This, however, will be for the consideration of the Circuit Court. We, then, concur with that Court in refusing to *468 grant the petition and dismissing the case, and order that the same be affirmed without prejudice to an application, if thought proper, for other appropriate proceedings.
The decree is therefore affirmed with, costs.