WARNER *vs.* GOUVERNEUR'S EXECUTORS.

Where a mortgagee has not provided for keeping down the accruing interest upon the mortgage, by securing a lien on the rents and profits, the court will interfere with the mortgagor's possession, prior to a decree of foreclosure, and appoint a receiver of the rents and profits, if the premises are an inadequate security for the debt secured by the mortgage, and the mortgagor, or other person in possession, who is personally liable for the debt, is insolvent.

But a receiver will not be appointed, upon a mere allegation that the mortgaged premises are not an adequate security for all just incumbrances thereon. The mortgagee applying for a receiver must allege, in his bill, that the premises are not an adequate security for the amount due to him.

The selling of a mortgage for less than its nominal amount, does not vitiate the security.

The hypothecation of an obligation valid in its concoction, as security for a usurious loan, will not render it void, or discharge the debtor from liability thereon. And upon the payment of the amount of the loan, the obligation will be free from 'all taint.

A claim for damages sustained in consequence of the breach of an agreement between a mortgagor and mortgagee that the former should release from the lien of the mortgage any parts of the mortgaged premises which the mortgagor might from time to time sell to others, cannot be offset against the amount due upon the mortgage.

Where an agreement of that nature, between mortgagor and mortgagee, did not specify the quantity of land to be released, nor the terms on which releases were to be given; *Held* that any violation of the agreement, by the mortgagee, would not lay the foundation for an equitable offset, unless it was shown that the refusal to give releases was unreasonable, or unconscionable.

IN EQUITY.    Motion to dissolve injunction, and to appoint a receiver.

Warner purchased of the defendants' testator certain lands, for the consideration of $48,093,75 ; $15,000 of which was paid in cash, and two mortgages given for the balance ; one for $15,000, which was to be a first mortgage on the premises, and another for $18,093,75, which was subsequently reduced by payments to something between $6000 and $7000.

Gouverneur, in his lifetime, assigned the first mortgage to the American Life and Trust Company, and guarantied its payment. After that mortgage became due, the company filed

their bill to foreclose, against Warner and Gouverneur. They both answered; Warner setting up as a defence that the title of the company was void by reason of usury, inasmuch as the company had paid Gouverneur in their own bonds, at five years, drawing a less interest than the mortgage; which bonds were below par in market, and on a sale of which Gouverneur had realized less than $14,000. Gouverneur, in his answer, did not set up the defence of usury, but stated that Warner had, in his answer, set up various matters which, if sustained, would bar the right of the company to recover in their suit, and also bar his right to recover against Warner, if he, as surety of Warner, should pay up the bond and mortgage to the company; in regard to which he submitted himself to the judgment of the court. While that suit was pending Gouverneur died, and the company became insolvent and made a general assignment for the benefit of its creditors. After which Gouverneur's executors obtained a re-assignment of the mortgage, from the general assignee, and continued the foreclosure suit for their own benefit. They also commenced a statute foreclosure of the second mortgage; having, in the mean time, become the owners of another mortgage on the same premises, and of a judgment against Warner. Warner filed his bill in this suit, in the nature of a cross-bill in the suit of the American Life and Trust Company, and praying for an injunction to stay the proceedings on the statute foreclosure. Before any of the proceedings for foreclosure were commenced, Warner failed, and made an assignment for the benefit of his creditors. His assignees allowed him to retain possession of the premises, on his agreeing to pay a rent of $500, which was to be by him expended in improving the property.

C. Edwards, for the defendants, now moved to dissolve the injunction, and for the appointment of a receiver; on the grounds that the whole of the first mortgage was unpaid, that a large balance of several thousand dollars, for principal, was due on the second mortgage, together with several years' arrears of interest on both mortgages; that Warner was insolvent and

continued in possession, and that the premises were a scanty security for the amount due.

*Murray Hoffman,* for the plaintiff, objected 1. To the appointment of a receiver ; because it did not appear that the premises were an inadequate security for the mortgages which the defendants were seeking to foreclose. The only allegation being that they were inadequate to pay all the incumbrances which the defendants held on the premises, including a subsequent mortgage and judgment for about $11,000. He cited, for. the rule governing such cases, *Bank of Ogdensburgh* v. *Arnold,* (5 *Paige,* 39 ;) *Shotwell* v. *Smith,* (3 *Edw.* 588 ;) *Sea Ins. Co.* v. *Stebbins,* (8 *Paige,* 566.) 2. To the dissolution of the injunction ; because, as to the first mortgage, Gouverneur stood in the relation 'of surety for Warner to the Life and Trust Company. That company had no right to recover, by reason of their illegal title to the mortgage ; and the defendants, by repossessing themselves of that mortgage, were to be regarded as either standing in their shoes and subject to their disabilities, or as having, by their interference, deprived their principal debtor of a valid defence in that suit. (*Burge on Surety,* 367, 8. *Batchelor* v. *Priest,* 12 *Pick.* 399. *Randolph* v. *Randolph,* 1 *Rand. Rep.* 490. *Theob. on Prin. and Surety.* 3.) And because there was an agreement between Warner and Gouverneur, at the time of the first contract of sale, that Gouverneur should release from the lien of his mortgages any parts of the premises which Warner might from time to time undersell ; which agreement Gouverneur had refused to perform, whereby Warner had sustained great losses which he claims to offset against the balance due on the mortgages.

*C. Edwards,* in reply, insisted that the agreement to giv: releases, not being contained either in the deed or the mortgage, but resting only in parol, was void by the statute of frauds.

EDMONDS, J. The rule in these cases, where the mortgagee has not taken care to keep down the accruing interest, by se-

curing a lien on the rents and profits, is to interfere with the mortgagor's possession prior to a decree of foreclosure, and appoint a receiver of the rents and profits, when the premises are an inadequate security for the debt secured by the mortgage, and the mortgagor or other person in possession who is personally liable for the debt is not of sufficient ability to answer for the deficiency.

In this case there seems to be no doubt of the mortgagor's insolvency, but there does seem to be a good deal of doubt as to the inadequacy of the security of the mortgaged premises. The allegation is that they are not an adequate security for "all just incumbrances" on them. All of the just incumbrances, it would seem amount to near $70,000; while the claim of the defendants is not more than half that sum. And while the defendants do not say whether the premises are, or are not, adequate security for the amount due to them, the mortgagor on the other hand avers that they are sufficient for that amount. There is therefore no ground for the appointment of a receiver.

The motion to dissolve the injunction rests on different grounds.

The first ground taken, it seems to me, cannot be tenable. If the transaction between Gouverneur and the Life and Trust Company was an absolute sale of the mortgage, surely the fact that its owner chose to sell it for less than its nominal amount, did not vitiate the security.

But if it was a loan, and usurious in its character, so far as to vitiate the title of the Life and Trust Company, as soon as the loan was discharged the taint would be removed, and the mortgagor would cease to have any thing to complain of. I am not aware that the prohibitions against usury have ever been carried so far as to determine that an obligation untainted in its concoction, is rendered void and the debtor discharged from all liability upon it, by the simple fact that the holder had hypothecated it as security for a usurious loan. Nor can I recur to any principle that will sustain such a position. That which was invoked in behalf of Mr. Warner will not answer the purpose. The relation of principal and surety does not in fact exist be-

tween Warner and Gouverneur's executors. As between them, he is the debtor and they the creditors. It is only between them on the one side and the Life and Trust Company on the other, that the relation of principal and surety may be supposed to exist. When this bill was filed that company had ceased to have any interest in the mortgage. Even the quasi relation of principal and surety had ceased to exist; and the parties had returned to their original position of debtor and creditor in a contract uncontaminated by any illegal consideration. It is therefore unnecessary to inquire whether the transaction between Gouverneur and the Life and Trust Company was usurious or not, or if usurious, what the effect would be upon the rights or obligations of the mortgagor. It is enough to know that the contract which the executors are seeking to enforce is, itself, untainted with any illegality, and is held by them by a title equally uncontaminated. For if they take as purchasers from the company, it was not illegal to buy or sell the security below par; and if they retake as borrowers who have paid up the loan, they have removed all taint, and are restored to their original rights as against the mortgagor.

The other ground on which our interference is sought is equally free from difficulty.

The equity of the bill in this respect consists in this, that at the time of the sale from Gouverneur to Warner it was understood that Warner's object was to resell the premises in small parcels, and that on such resales he was to have releases from Gouverneur's liens; that Warner made resales, or contracts to sell, to sundry persons, and demanded releases, which were refused to him; whereby he lost those sales and sustained losses, which he claims to be equitable offsets to the claim under the mortgage.

The answer denies that there was ever any contract to give releases, but insists there was only a willingness by Gouverneur to give them, not as matters of right but of favor; it denies also that any contracts of resale by Warner were defeated by the refusal of Gouverneur to give releases, and consequently that

Warner v. Gouverneur's Executors.

Warner sustained any loss thereby. Thus is denied, in point of fact, two material elements of the equity of the bill.

It is also insisted, that as it is no where pretended that the agreement to give releases specified the quantity to be released, or the terms on which releases were to be given, any violation of the agreement would not lay the foundation for an equitable offset unless it was first shown that the refusal to give releases was unreasonable or unconscionable; which is not done in this case.

Again, it is averred that no releases were ever asked for until after the whole sum secured by the mortgages had become due, after Warner had made a general assignment for the benefit of his creditors, after a large arrear of interest had accrued, after Warner had failed to perform his agreement as to the cash payments on the premises, leaving a large amount due thereon, and after he had incumbered the premises by giving a mortgage to his mother in law and allowing judgments to be obtained against him by others. And it is with great propriety insisted that it would be inequitable to allow Warner, under such circumstances, a right to demand that any uncertain portion of the premises should be released from the lien, upon indefinite and unascertained conditions.

I am not pretending to say how this case may appear on the final hearing, and after the testimony shall all be in. I am deciding it upon the papers before me on this motion : and I cannot resist the conclusion that too many of the elements essential to the equity of the bill are denied by the answer to warrant me in retaining the injunction. It must therefore be dissolved.