*A. L. Robinson*, for appellees.

---

THE STATE on the relation of BIDDINGER *v.* MANLY and Others.

Errors of law occurring during the trial, in the admission of improper testimony, must be assigned in the motion for a new trial; or they will not be considered by this Court.

After the Court has rendered final judgment for the sale of property attached, it is too late for the attachment defendant to claim it as exempt from sale.

If the attachment defendant can not have his property set apart as exempt, when the attachment is levied and before final judgment, he may certainly set up his claim, to hold the property exempt from sale, as a defense to the attachment.

*Monday, November* 26.

APPEAL from the *Franklin* Common Pleas.

WORDEN, J.—Action by the appellant against the appellees upon a constable's bond. *Biddinger*, the relator, was sued

before a justice of the peace, and his property attached, upon an affidavit of the plaintiff, that he was removing or about to remove his property subject to execution, out of the State, not leaving enough to satisfy the plaintiff's claim. He appeared to the action, and, upon the trial thereof, judgment was rendered against him, and the attached property ordered to be sold. An order of sale was issued upon the judgment, and the property was accordingly sold. The complaint avers, that after the rendition of the judgment and the issuing of the order of sale, and before the sale of the property, the relator, being a resident householder of the county, and not having $300 worth of property, demanded of *Manly*, the constable executing the process, to have the attached property set off to him as exempt from sale. This was refused by the constable, and the present suit is brought to recover damages for such refusal. Trial, verdict, and judgment for the defendants.

Errors are assigned upon the rulings of the Court upon questions as to the admissibility of testimony, and upon instructions given to the jury, and the refusal of the Court to instruct as asked.

The rulings in relation to the evidence were not made a ground of the motion for a new trial, consequently no question is properly before us in relation to those rulings. *Kent* v. *Lawson*, 12 Ind. R. 675. Instructions were given, and others refused, in relation to the meaning of the phrase, "resident householder," as used in the statute exempting $300 worth of property from execution. We deem it unnecessary to inquire whether any error was committed in giving or refusing charges, as the case was with the defendants, irrespective of the question whether the relator was a resident householder or otherwise. We do not decide whether an officer having served a writ of attachment can be required to set off to a defendant entitled to it, the amount of property allowed by law as exempt from execution, before the suit in which the attachment issued, has proceeded to final judgment. Such is not the case made by the complaint. Here, the claim to have the property exempted was made after the Court had ordered it to be sold, and we think the officer was justified

Nov. Term, 1860.

in refusing to accede to the demand. The order for the sale of the property was a final judgment, beyond which the officer was not required to look, and behind which the relator could not go, in order to assert his right to claim the property as exempt from sale. If the proper practice be for the officer serving the attachment, upon proper demand, to set apart to the debtor such property as may be exempt from execution, then he only returns, as attached, such as is not thus exempt, and such only is ordered to be sold upon final judgment against the defendant. If, however, such be not the proper practice, and if the officer can not thus be required to determine, at his peril, whether the defendant is entitled to hold the property as exempt, the remedy of the debtor is sufficiently plain. He may set up his claim, to hold the property as exempt from sale, in the Court from which the attachment issues, as a defense to such attachment. *Collins* v. *Nichols*, 7 Ind. R. 447.—*Cooper* v. *Reeves*, 13 Ind. R. 53. If neither of these courses be pursued, but final judgment be rendered against the defendant, and the attached property ordered to be sold, we think it too late for the defendant to set up a claim that the property is exempt from sale for his debts.

*Per Curiam.*—The judgment is affirmed with costs.

*George Holland* and *C. C. Binkley*, for appellant.

*Lucien Barbour* and *John D. Howland*, for appellees.