## HAYNES, HUTT & CO. v. MEEK *et ux.*

1. WHEN HOMESTEAD RIGHT MUST BE PLEADED. The parties to a foreclosure proceeding are bound by the decree therein, and cannot interpose in an action to recover the possession, by the purchaser at the sale made in the execution, the defense that the mortgaged premises were their homestead, and that the mortgage for that reason was invalid. Such defense can be made available only in the foreclosure proceeding.

*Appeal from Warren District Court.*

MONDAY, DECEMBER 22.

FORCIBLE ENTRY AND DETAINER. A statement of the facts are presented in the opinion of the Court.

*Todhunter* and *Cole* for the appellant.

*Casady & Polk* for the appellee.

LOWE, J.— The plaintiffs foreclosed a mortgage against defendant and wife on several tracts of land, including the N. E. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of section thirty-one, township

seventy-seven, range twenty-two west, which they after-
wards procured to be sold upon special execution, and
becoming the purchasers received from the Sheriff a deed
therefor.   The defendants refusing to yield possession of
the tract above described, on which they were residing, the
plaintiffs brought this suit of forcible detainer to recover
possession of the same.   The defendants plead various de-
fenses.   Among these was their homestead right to the
*locus in quo,* and paramount title to that of the plaintiffs.
The plaintiffs demurred to these last pleas, which the justice
overruled and dismissed the plaintiffs' proceedings; who re-
moved the cause by writ of error to the District Court.   The
District Court held that the Justice erred in overruling the
demurrer, reversed his decision and remanded the cause for
further trial.   From this decision the defendants appeal, and
insist that the same was erroneous, and the errors assigned
are all involved in this question.   The defendants' answer
consists of some fourteen or fifteen counts or parts.   Of
these the demurrer was intended to test the validity of the
second, third, fourth, fifth, sixth, seventh, ninth, tenth and
thirteenth.   All of them except the fourth, seventh and
ninth set up a homestead right to the land in question, a
defense which we have held in *Larson* v. *Reynolds & Pack-
ard,* 13 Iowa, 549, could only be pleaded in the foreclosure
suit.   The same is true in regard to the fourth, which sets
up fraud in obtaining the signature of the wife to the mort-
gage, under the foreclosure of which the plaintiffs claim.
The ninth clause of the answer, in averring that the fore-
closure suit had been appealed to the Supreme Court, is
insufficient in not stating that a supersedeas bond had been
given.

   The seventh count of the answer is in these words:
"Defendant avers that he holds said land by virtue of his
homestead, which his said lien or title is paramount to the
lien by virtue of which the sale was made or by title
VOL. XIV.—41

derived from the purchaser at the sale." It will not be pretended that this plea contains an averment that the defendants had derived their title from the purchasers at the sale, who were the plaintiffs in this case. Nor is the plea susceptible of the construction that the defendants' title was paramount to the lien by virtue of which the sale was made, independent of his homestead right. The statement is that he holds said land by virtue of his homestead, and this construed in connection with the whole plea, means that it is his homestead right that makes his title paramount to that of the plaintiffs. If this be the true interpretation of the plea, (and we can give it no other,) then the plea is bad, for the reason that this homestead right, if it ever existed, was lost to him by failing to set it up in the foreclosure proceeding, in other words, he has had his day in court upon this alleged homestead right. Upon the whole, we are persuaded that there has been no error committed by the court below, and will therefore affirm its judgment.

Affirmed.