PERKINS v. BRAGG.

29 507
151 243

ATTACHMENT.—After the court has rendered final judgment for the sale of property attached, it is too late for the attachment defendant to claim it as exempt from sale, on the process issued on the judgment.

PRACTICE.—One good paragraph of an answer, alleging new matter, unreplied to. entitles the defendant to judgment.

APPEAL from the *Hamilton* Common Pleas.

GREGORY, C. J.—Suit by *Perkins* against *Bragg*, sheriff of *Hamilton* county, for the. possession of personal property. The question involved in the case is, can an attachment defendant, after judgment and an order of sale of the attached property, claim it as exempt from sale on the final process issued on such judgment? In *The State ex rel. Biddinger*, v. *Manly et al.*, 15 Ind. 8, it was held in the negative. It is claimed that that ruling is wrong. The statute on the subject is this: " That an amount of property not exceeding in value three hundred dollars, owned by any resident householder, shall not be 'liable to sale on execution, or any other final process from a court, for any debt growing out of or founded upon a contract, express or implied." 2 G. & H., § 1, p. 368. It is argued that this provision is broad enough to and does embrace final process on judgments in attachment, in which there is an order for the sale of attached property. The order of attachment only reaches lands and tenements, goods and chattels, of the defendant subject to execution. 2 G. & H., §§ 164, 165, p. 142. Whether the property attached is subject to execution is *res adjudicata*, after judgment in attachment. The judgment against the property is a judgment *in rem*, and is as conclusive as a judgment against the person.

Statutes must be construed together. It was not the intention of the legislature that property exempt from execution should be attached, and there is no power given by law to attach such property. It would seem to follow that the final process issued on a judgment in attachment, order-

ing the attached property to be sold, was not intended to be embraced in the section exempting property from sale on execution. Any other construction would charge the legislature with unnecessarily exempting property twice in attachment cases. We do not believe that the ruling in *The State ex rel. Biddinger* v. *Manly et al.*, *supra.*, violates any express provision of the statute. The court below therefore committed no error in overruling the demurrer to the second paragraph of the defendant's answer. The plaintiff declined to reply to this paragraph, and there being one good affirmative defense, unreplied to, the court below was right in giving judgment for the defendant.

The judgment is affirmed, with costs.

*J. W. Evans,* for appellant.