## BATES ET AL. *v.* SPOONER ET AL.

JUDGMENT.—*Conclusiveness of.*—*Attachment.*—A writ of attachment was levied on real estate, to which the defendant had only an equitable title. Judgment was rendered against the defendant, and the attached property was ordered to be sold. The attachment defendant, after the sale and the execution of a sheriff's deed to the purchaser, brought his action to recover the property so sold.

*Held,* that the question whether the land attached was subject to attachment was one to be passed upon by the court in the attachment proceeding, and that the judgment under which the sale was made could not be attacked collaterally.

SAME.—A judgment is not only conclusive on what was actually determined, but also extends to every other matter which the parties might have litigated in the case.

From the Dearborn Circuit Court.

*J. L. Miner* and *O. B. Liddell,* for appellants.

*J. Schwartz,* for appellees.

WORDEN, C. J.—This was an action by the appellants
·against the appellees, to recover possession of certain real
·estate, being a house and lot in Lawrenceburg, in Dearborn
·county, and to require The Indianapolis and Cincinnati Rail-
·road Company to execute to the plaintiffs a deed therefor,

and to cancel certain deeds, under which Eliza J. Spooner claims the premises. The action was originally commenced by Joshua Bates and Edward H. Neil; but Neil having died pending the suit, his heirs were made plaintiffs in his stead. Issue, trial by the court, finding and judgment for the defendants.

The only question in the case is whether the finding is supported by the evidence. The facts were agreed upon, and are, in substance, so far as it is necessary to state them in order to an understanding of the ground upon which we decide the case, as follows:

In the year 1850, Bates and Neil made a written contract with The Lawrenceburg and Upper Mississippi Railroad Company, since known as The Indianapolis and Cincinnati Railroad Company, by which they were to do certain work in the construction of the railroad, and were to take in part pay therefor the house and lot in question. Soon after the commencement of the work, Bates and Neil, with the consent of the company, took possession of the house and lot, and occupied or controlled it until some time in the year 1860. In the year 1853, Bates and Neil had completed the work and become entitled to a conveyance from the company of the house and lot, but the company never executed to them any conveyance thereof.

In November, 1859, Steadman and Maynard commenced an action in the Dearborn Court of Common Pleas, against Bates and Neil and John B. Vail, on a note executed by the defendants to the plaintiffs in that action. The plaintiffs in that action instituted proceedings in attachment therein against the property of Bates and Neil, and the house and lot in controversy were attached as their property. Bates and Neil appeared to that action, by their authorized attorney, but having been ruled to plead, failed to do so; and such further proceedings were had therein as that judgment was rendered for the plaintiffs therein, and the attached property was ordered to be sold. Afterward, an execution or order of sale was issued on the judgment, and on the 21st

of July, 1860, the property was sold by the sheriff, one Abram Brower, Junior, becoming the purchaser thereof and receiving the sheriff's deed therefor.

On September 24th, 1860, Brower procured from The Indianapolis and Cincinnati Railroad Company a quitclaim deed for the premises.

Before the sheriff's sale to Brower, Benjamin Spooner and his wife, Eliza Jane, with their family, had been in the possession of the premises as the tenants of Bates and Neil; but upon the purchase by Brower, he notified Spooner that he had become the owner of the property, and required him to attorn and pay rent to him, Brower, of which Spooner notified Bates and Neil, and from that time Bates and Neil never called upon Spooner for rent, but the latter occupied the premises as tenant of Brower, and paid to him rent until December, 1865.

In December, 1865, Brower conveyed the premises to Albert F. Shaw, and Shaw conveyed the same to Eliza J. Spooner, she paying him the consideration therefor ; under which deed she has ever since held, and still holds possession of the premises.

The ground on which the plaintiffs claim the property, and the relief sought by them is, that as the legal title to the property was not in Bates and Neil, but in the railroad company, at the time of the proceedings in attachment and the sale thereunder, though the equitable right to the property was in them, they having purchased and paid for the same, and being entitled to a deed therefor from the railroad company, the property was not subject to attachment, and nothing passed to Brower by his purchase at the sheriff's sale.

An order of attachment requires the sheriff "to attach the lands and tenements, goods and chattels of the defendant subject to execution." 2 G. & H. 142, sec. 164. It binds the defendant's property in the county, subject to execution, and becomes a lien thereon from the time of its delivery to the sheriff, in the same manner as an execution.

_Id._, sec. 165. From these provisions, it would seem to follow that no property is subject to attachment that is not subject to levy and sale upon execution.

" Lands, and any estate, or interest therein holden by any one in trust for, or to the use of another," are liable to be sold on execution against the debtor owning the same, or for whose use the same is holden. 2 G. & H. 263, sec. 526.

From the view which we take of the case, it will be unnecessary to determine whether, under the statute above cited, lands purchased and paid for by a judgment defendant can be levied upon and sold on execution against him, he not having received a conveyance therefor. See, however, _Modisett_ v. _Johnson_, 2 Blackf. 431 ; _Hutchins_ v. _Hanna_, 8 Ind. 533. These cases arose under prior statutes, and there are probably others of a similar character.

The following cases, however, arose under the present statute, though it does not seem to have been adverted to, and the decisions are placed upon the case before cited from 2 Blackf.: _Gentry_ v. _Allison_, 20 Ind. 481 ; _Jeffries_ v. _Sherburn_, 21 Ind. 112.

We proceed to the ground on which we think the case must be decided, and the judgment below affirmed. The proceedings in attachment, for aught that appears, were regular. The court had acquired jurisdiction over the parties. Whether the property was liable to the attachment, and therefore to be sold under the proceedings, in other words, whether the title to the property was in Bates and Neil, was a question of fact that might have been put in issue in that cause. If put in issue, the court or jury might have determined it with the other issues ; or if there were no other issues, might have determined it alone. _Foster_ v. _Dryfus_, 16 Ind. 158 ; _Bradley_ v. _The Bank, etc._, 20 Ind. 528 ; _Maple_ v. _Burnside_, 22 Ind. 139.

There was no defect of jurisdiction. Whether the property was subject to attachment, was a question which the court had the power to determine, and must have determined had it been raised. This power to hear and

determine constitutes jurisdiction. As Bates and Neil were in court, and as they suffered the attachment proceedings to progress, and the order to be made for the sale of the attached property, without raising any question in respect to its liability to attachment, we think they now are estopped to raise any question in that respect. They are bound by the judgment, which they might have interposed to prevent.

This court, in the case of *Crosby* v. *Jeroloman*, 37 Ind. 264, 276, quoting from *Fischli* v. *Fischli*, 1 Blackf. 360, say, that "whenever a matter is adjudicated, and finally determined, by a competent tribunal, it is considered as forever at rest. This is a principle upon which the repose of society materially depends; and it therefore prevails, with very few exceptions, throughout the civilized world. This principle not only embraces what actually was determined, but also extends to every other matter which the parties might have litigated in the case."

This case cannot be distinguished in principle from the cases of *The State* v. *Manly*, 15 Ind. 8, and *Perkins* v. *Bragg*, 29 Ind. 507, where it was held, that the order for the sale of attached property is a final judgment, behind which the defendant can not go in order to claim the property as exempt from sale; and that whether the attached property is subject to execution, is *res adjudicata* after the order of sale.

The judgment below is affirmed, with costs.