No. 10,244.

STORM v. ERMANTROUT ET AL.

RECEIVER.—*Appointment of.*—*Collateral Attack.*—An order of court appointing a receiver can not be collaterally attacked.

SAME.—*Mortgage.*—*Rents.*—Where mortgaged property is insufficient to pay the debt, and the debtor is insolvent, the creditor may have a receiver appointed to collect and apply the rents to the payment of the mortgage debt.

Storm *v.* Ermantrout *et al.*

SAME.—*Res Adjudicata.*—Where a decree has been rendered adjudging that the mortgagee is entitled to the rents accruing from the mortgaged property, and a receiver is appointed and directed to collect and apply the rents to the mortgage debt, the mortgagor can not afterwards claim that he is entitled to such rent.

SAME.—*Execution.*—*Exemption.*—Where the mortgagee, in a suit to foreclose, asks for the appointment of a receiver, claiming the application of rents to the payment of his debt, the proper time for the mortgagor to claim such rent as exempt from execution is upon the hearing of the motion for the appointment of a receiver.

SAME.—*Answer.*—*Judgment.*—*Collateral Attack.*—Suit by a mortgagor against a mortgagee to recover rents collected by a receiver appointed in a suit to foreclose the mortgage. Answer, that the money belonged to W., who had been appointed receiver to collect the rents, and was directed by decree of the court to pay the same to the defendant upon his demand, for the reason that the mortgaged premises were not sufficient to pay the debt, and that the plaintiff was insolvent; that the sum realized on sale of the mortgaged property, with the rents collected as decreed, is not enough to satisfy the mortgage debt.

*Held,* that the answer was good on demurrer, and that the decree directing the receiver to pay the rents to the mortgagee was an adjudication which could not be attacked collaterally.

From the Montgomery Circuit Court.

*T. H. Ristine* and *E. C. Snyder,* for appellant.

*G. W. Paul* and *J. E. Humphries,* for appellees.

ELLIOTT, J.—Appellee Ermantrout instituted this action to recover money collected by a receiver appointed in a foreclosure suit brought by the appellant, claiming that he was entitled to it under the exemption law. The appellant answered that the money claimed was the property of Milton B. Waugh, who had been appointed a receiver; that he, the appellant, had obtained a decree for a receiver to collect rents from the mortgaged premises, upon the ground that they were not sufficient in value to pay the debt, and that the appellee was insolvent; that the decree directed the receiver to take charge of the mortgaged property, collect the rents and apply them to the payment of the mortgage debt; that the receiver collected the rents under the decree, and that the sum realized from the sale

of the mortgaged property, together with the rent so collected, is not sufficient to satisfy the debt due appellant.

This answer shows that the court rendered a decree ordering the collection of the rents by a receiver and their application to the appellant's debt. The decree which the answer avers was rendered goes further than to direct that money be collected by a receiver and brought into court, for, according to the allegations of the answer, it adjudged that the rents should be collected for the benefit of the mortgagee and applied to the payment of his debt. This was necessarily an adjudication that the mortgagee was entitled to the rents, and, of course, if he was entitled to them, the mortgagor could not have a right to them upon any ground. The case is not one of a receiver appointed and directed to bring money into court for distribution under its order, but is one wherein the court decrees that the mortgagee has a right to the money which the receiver collects. The question before us is, therefore, this: Is a mortgagor entitled to claim as exempt from execution rents accruing from mortgaged property in a case where a decree has been rendered, adjudging that the mortgagee is entitled to them, appointing a receiver, and directing him to collect and apply the rents to the mortgage debt?

The question is not whether it was proper to adjudicate the question of the mortgagee's right to the rent, but what is the effect of the adjudication? It is not competent for the appellee to attack in this collateral manner the judgment of the court appointing the receiver. An order of a court appointing a receiver can not be impeached in a collateral proceeding. The question of the power of the court to appoint the receiver, as well as all other questions concerning the regularity of his appointment, is conclusively settled by the decree in the foreclosure suit.

The decree in the suit on the mortgage settles the question of the authority of the receiver to collect the rent, and we can not enquire whether the order for the receiver was or was not authorized by the redemption law in force at the time it

was made.   In adjudging that the appellant was entitled to a receiver, the court necessarily decided that the redemption law did not deny him that right.   All questions as to the right to a receiver, and as to his authority to collect the rent, are, therefore, settled, and can not be re-examined.

It is argued by appellee that the purchaser at the sale on the decree of foreclosure, and not the mortgagee, is entitled to the rents; but we can not see what benefit would accrue to him if it were granted that the rent did belong to the purchaser, for no matter to which it belongs the appellee can not secure it.   It is really immaterial to which of the two, the mortgagee or purchaser, the money belongs; if to either, the appellee has no right to it, and if he has a right to it his right is good against either.   His success depends upon his own right to the money, not upon the right of some one else.   But this question is disposed of by the adjudication that it shall be applied in payment of the mortgage debt.

It is true, that, under our statute, a mortgage, although it creates an interest, does not vest an estate in the mortgagee. *Favorite* v. *Deardorff*, 84 Ind. 555.   Where, however, it appears that the mortgaged property is insufficient and the debtor insolvent, an equity is created which gives a right to a receiver.   *Favorite* v. *Deardorff, supra; Connelly* v. *Dickson,* 76 Ind. 440.   The whole doctrine of the power to appoint receivers is ably discussed in *Schreiber* v. *Carey,* 48 Wis. 208, and it is said that the right is denied in only two States of the Union, Michigan and California.   Our investigation has, however, induced us to believe that New Jersey must be classed with those two States, but that court, while professing to act upon what it conceives to be the English rule, has, in our opinion, clearly misconceived it.   *Berney* v. *Sewell,* 1 Jac. & W. 627; *Cupit* v. *Jackson,* 13 Price, 721; *White* v. *Smale,* 22 Beav. 72; *Ackland* v. *Gravener,* 31 Beav. 482; *Bryan* v. *Cormick,* 1 Cox Ch. 422.   The American cases are well agreed upon this subject.   *Hill* v. *Robertson,* 24 Miss. 368; *Hyman* v. *Kelly,* 1 Nev. 179; *Williams* v. *Noland,* 2 Tenn. Ch. 151;

*Douglass* v. *Cline*, 12 Bush, 608 ; *Boyce* v. *Boyce*, 6 Rich. Eq.
302 ; *Warner* v. *Gouverneur*, 1 Barb. 36 ; *Bank* v. *Arnold*, 5
Paige, 38, and authorities cited in *Favorite* v. *Deardorff*,
*supra*. This enquiry is, however, subsidiary to our main
purpose, but necessary for the purpose of ascertaining what
is necessarily decided in cases where the court decrees the
appointment of a receiver and the application of the rents to
the payment of the mortgage.

It is evident, that where the decree of the court is, that the
applicant has a right to have a receiver appointed and au-
thorized to collect the rents accruing from the mortgaged
premises, and to have them applied in payment of the mort-
gage debt, it necessarily adjudges that the debtor has
no claim to them. The petition for a receiver in such a case
challenges the mortgagor to assert his right to the rent claimed
by the mortgagee, and affords full opportunity for litigating
the question. The right of the mortgagee to the rent ex-
cludes that of the mortgagor, and the decision of that ques-
tion concludes both parties.

It is clear that the right of the mortgagor to the rents is
directly brought in issue by the complaint or motion for a re-
ceiver in a case where the rents are claimed for the purpose
of paying the mortgage debt, and we can perceive no reason
why the right under the exemption law is not concluded by the
judgment appointing a receiver. There are analogous cases
which establish a principle that should govern here. In the
case of *State, ex rel.*, v. *Manly*, 15 Ind. 8, it was held that where
property is attached the exemption must be claimed prior to
the order of sale, or the right to claim the property as exempt
will be deemed to have been waived. In *Perkins* v. *Bragg*,
29 Ind. 507, the same rule is declared, the court saying:
"Whether the property attached is subject to execution is *res
adjudicata*, after judgment in attachment." The ruling in
*Slaughter* v. *Detiney*, 15 Ind. 49, is that after mortgaged property
has been ordered to be sold, it is too late for the debtor to claim
it as exempt, for the reason that the judgment concludes him

from making any such claim.  In *Haynes* v. *Meek*, 14 Iowa, 320, it was held that a homestead right was barred by a failure to set it up in the foreclosure suit, and to the same effect are the cases of *McCreery* v. *Fortson*, 35 Texas, 641 ; *Rector* v. *Rotton*, 3 Neb. 171.  The case of *Miller* v. *Sherry*, 2 Wal. 237, applies the doctrine of *res adjudicata* to a decree upon a creditor's bill, holding that after it had been entered the debtor could not claim the benefit of the homestead law.  It has been often held that the right to exemption is a personal privilege which the debtor waives by not insisting upon it at the proper time, and this rule we think applicable to the present case.  *State, ex rel.,* v. *Melogue,* 9 Ind. 196 ; *State, ex rel.,* v. *Manly, supra; Perkins* v. *Bragg, supra; Gregory* v. *Latchem,* 53 Ind. 449 ; *Twinam* v. *Swart,* 4 Lans. 263.

Where a mortgagee petitions for a receiver, claiming specific rents and their application in payment of the mortgage debt, the proper time for the mortgagor to assert his right to claim the rents as exempt is upon the hearing of the motion or complaint for the appointment of the receiver.  *Newcome* v. *Wiggins,* 78 Ind. 306.

The case is unlike that of a general motion for the appointment of a receiver, for here there is a claim to specific rents and an adjudication that the complainant is entitled to them. We need not, and do not, decide what would be the effect of an ordinary order appointing a receiver in which there is no adjudication of the right to the money when collected by the receiver ; nor do we mean to decide the question whether a mortgagor has a right to claim as exempt rents issuing out of property conveyed by way of mortgage.  Thompson Homesteads & Ex., section 741 ; *Love* v. *Blair,* 72 Ind. 281.  We decide only the questions directly presented by the ruling on the demurrer to the answer and argued by counsel.

Judgment reversed.