Filed April 3, 1886.

---

No. 12,376.

GRAVES v. GRAVES ET AL.

EXEMPTION FROM EXECUTION.—Devised Real Estate.—A devisee of real estate can not claim it as exempt from execution under a judgment in favor of a creditor of the testator, which was found to be a lien upon the property, and which can only be made effective by a sale thereof.

From the Henry Circuit Court.

Graves *v.* Graves *et al.*

*J. Brown, W. A. Brown* and *J. M. Brown,* for appellant.

*J. H. Mellett, E. H. Bundy* and *G. M. Ballard,* for appellees.

ELLIOTT, J.—The appellant's complaint alleges that Victoria Graves recovered judgment against her for $3,204.05; that the complaint upon which the judgment is founded charged that the appellant had received property as devisee under the will of Sidney Graves, deceased, and that Victoria Graves was a creditor of the estate of the decedent. It is also alleged in appellant's complaint, that an execution was issued on the judgment, that she is a resident householder, and entitled to an exemption as such, and that she tendered to the sheriff the proper schedule, claiming the real estate therein described as exempt from execution. Prayer that the sale made on the execution be set aside.

The answer of the appellees sets forth the decree of the court in the action referred to in the present complaint, and in that decree is written the following: "That the judgment of the plaintiff herein against the defendant, Margaret Graves, be constituted a lien upon the real estate, so devised by Sidney Graves, deceased, to Margaret Graves, and that said lien shall have preference as a lien to any judgment or decree against the said Margaret Graves." It is averred in the answer that the real estate described in the decree was levied upon and sold in accordance with the provisions of the decree.

This answer is good. The decree of the court declares that the land now claimed as exempt from execution is subject to the lien of the judgment in favor of Victoria Graves, and orders that it be sold, so that the right to seize and sell the land is expressly adjudicated. We think it very doubtful whether in any case a devisee, who has received land under the will of a deceased person, can successfully claim a right to have it exempted from sale on an execution issued on a judgment rendered in favor of a person to whom the testator was indebted; but, however this may be, we are quite clear

that land can not be claimed as exempt, where, as here, there is a decree specifically declaring it to be subject to a lien, and where the decree can only be effectually executed by a sale of the property.

This case falls within the principle declared in *State, ex rel.,* v. *Manly,* 15 Ind. 8, where it was said :. " The order for the sale of the property was a final judgment, beyond which the officer was not required to look; and behind which the relator could not go, in order to assert his right to claim the property as exempt from sale." Speaking of a similar case, the court said : " The judgment against the property is a judgment *in rem,* and is as conclusive as a judgment against the person." *Perkins* v. *Bragg,* 29 Ind. 507. This doctrine is approved in *Haas* v. *Shaw,* 91 Ind. 384 (46 Am. R. 607), and a like ruling was made in *Bancord* v. *Parker,* 65 Pa. St. 336.

Judgment affirmed.

Filed March 30, 1886.