SARAH A. FRISBEE AND JAMES JOHNSON, ADMINISTRATOR OF JAMES T. FRISBEE, DECEASED, VS. HENRY TIMANUS.

1. Where an action of ejectment has been tried in a State Court, and a verdict and judgment rendered therein, and a writ of *certiorari* issued improvidently at the instance of the failing party out of the Circuit Court of the United States, in obedience to which the record has been certified by the State Court into the United States Court, and the State Court to prevent a conflict suspends execution of the judgment, the party against whom

Sarah A. Frisbee and James Johnson vs. Henry Timanus—Opinion of Court.

the judgment was rendered being in possession, and in receipt of the rents of the premises in controversy, and being irresponsible, a State Court of Chancery may appoint a receiver to collect and hold the rents and profits of the premises until the final determination of the proceedings in the United States Court.

2. In such case, a demurrer to a bill, (filed for the purpose of procuring the appointment of a receiver,) on the ground that the "subject matter of the controversy" is pending in the United States Court, will not be sustained.

3. This court will not set aside a decree for the purpose of enabling a party to answer who was duly served with process, and had ample opportunity to answer a bill, but neglected to do so before a decree *pro confesso* was entered, and made no attempt to file an answer before final decree.

4. The appointment of a receiver is a matter resting in the sound discretion of a Court of Equity, and a receiver is treated as the representative or agent of the court, and subject to its orders. He is appointed to secure the benefits of such persons as shall be entitled, and the proceeding does not affect the rights of parties on the subject matter.

Appeal from the Circuit Court of Nassau county.

*Bolling Baker* and *R. M. Smith* for Appellants.

*J. P. Sanderson* for Appellee.

A statement of the case is found in the opinion of the court.

RANDALL, C. J., delivered the opinion of the court:

On the 23d day of September, 1867, Henry Timanus, appellee, filed his bill of complaint against Sarah A. Frisbee and James Johnson, as administrators of the estate of James T. Frisbee, deceased, and also against other persons as tenants of certain property in question. The bill alleges that the complainant is the owner in fee simple of certain lands and tenements in the city of Fernandina, known as lots 1 and 34 in block 10, having become the owner by purchase from the trustees of the Florida Railroad Company, in January, 1860, and as owner is entitled to the possession and rents and profits thereof.

That the defendants, Sarah A. Frisbee and James Johnson, as administrators, &c., or in their own right as representatives or heirs of James T. Frisbee, deceased, claim to own said property and to be entitled to the possession thereof, and to draw and receive the rents and profits thereof, by reason of a certain tax title derived by said James T. Frisbee, deceased, in his life time, at a tax sale made by the United States Direct Tax Commissioners of Florida, in June, 1863, and December, 1864. That said Frisbee and Johnson are and have been ever since the first of April, 1867, in possession, and have leased said lots and premises to the other defendants named, and are receiving a large amount of rents and profits therefor. And that the defendants, Frisbee and Johnson, wrongfully, illegally, and fraudulently keep the possession of the premises from complainant, and wrongfully, &c., draw the rents from the other defendants; because, that during the life time of said James T. Frisbee, deceased, complainant had brought a suit at law against him in the circuit court of Nassau county to recover possession of said premises, in which suit said Frisbee appeared and set up and brought into issue his said tax titles, and their validity was tried, and they were by a jury adjudged to be void, and of no binding force or effect, and the verdict and judgment of said jury and court were in favor of the complainant, to wit: that said Frisbee was guilty of unlawfully withholding said premises from complainant, and that complainant was entitled to hold and possess the same. That said verdict and judgment were had and obtained on the 22d day of December, A. D. 1866.

That said Frisbee, after said trial and judgment, petitioned the Circuit Court of the United States for the Northern District of Florida for the removal of said cause into that court by a writ of *certiorari*, which writ was duly issued and served, and the clerk of said Nassau Circuit Court, in compliance with the command of said writ, sent all the papers and proceedings in the case to the said Circuit Court of the United States.

Sarah A. Frisbee and James Johnson vs. Henry Timanus—Opinion of Court.

And the complainant alleges that such proceeding was not warranted by law, and was an invention and contrivance to keep up a perplexing system of litigation for the purpose of keeping possession of said premises, and to enjoy the rents therefor. That said James T. Frisbee died about the first of April, 1857, and since then these defendants are continuing such fraudulent inventions in pretending to prosecute the removal of said cause, for the sole purpose of drawing and raising a large amount of rents and profits. That said Sarah A. Frisbee and James Johnson are both irresponsible persons; that they, as administrators, are not good and responsible for the moneys so received from complainant's said property; that the sureties upon their bonds as such administrators are also without adequate means, and irresponsible persons; and that if they were responsible they would not be liable to pay money obtained by the aforesaid frauds of said Frisbee and Johnson.

That by such fraudulent contrivance and invention of a lengthy litigation, complainant had no proper or immediate remedy or relief. That there was no judge of the United States Circuit Court, and it would be a long time before he could again have possession of his property. That said Frisbee and Johnson have, for the purpose of obtaining a large amount of ready money out of said rents in advance, rented out said premises for less than they are worth. That the lots are covered with wooden buildings for stores and offices, and have for a long time been without repairs, and are greatly damaged by the neglect of such repairs by said Frisbee and Johnson. Complainant has demanded possession, which has been refused, and has demanded rents from the tenants, the other defendants, and notified them not to pay rents to the said Frisbee and Johnson; but they give no heed thereto, but continue to pay such rents to them. All which actings and doings are alleged to be in violation of law, and contrary to equity and good conscience. Complainant demands a disclosure from the said Frisbee and Johnson of the facts, and of the amounts received for rents, &c.,

prays an injunction against defendants, and that a receiver be appointed to take charge of said premises, and receive the rents and profits. That said Frisbee and Johnson pay over to said receiver all the rents, &c., already received, &c., and for other and further relief. A preliminary injunction was issued, and a receiver appointed pursuant to the prayer of the bill.

In November, 1867, the defendants Frisbee and Johnson demurred to said bill on the ground that this court had no jurisdiction of the subject-matter; that the United States Circuit Court has the sole and proper jurisdiction thereof; that all suits and papers relating to the title to said premises were removed by *certiorari* to said United States Circuit Court, and all further proceedings in this court had been ordered to be discontinued, whereby said United States Circuit Court had taken cognizance and possessed full and complete jurisdiction of the whole subject-matter, and was fully competent to administer full and complete relief in the premises, both in law and equity; wherefore defendants demur to all the matters and things contained in the bill, and pray whether they shall be compelled to make further or other answer.

The demurrer was subsequently overruled, and a decree was entered on the 30th January, 1868, the defendants having failed to answer. And the decree, after reciting certain matters as. having been established by the bill, exhibits proof and receiver's report, finds that the said defendants, Frisbee and Johnson, have received the sum of $726.66 rents and profits from complainant's premises, and that the other defendants owed certain amounts for such rent as aforesaid, &c. "And the court further finds that the writ of *certiorari* from the United States Circuit Court, removing the ejectment suit referred to in complainant's bill, has been dismissed, and the cause remanded back to this court, and that on the date of January 18th, 1868, the complainant was put in possession of the premises referred to by the sheriff of this county, under a writ at law, and the receiver's report having been approved by the court, it is therefore ordered, ad-

judged, and decreed, that the defendants, Sarah A. Frisbee and James Johnson, do pay the sum of $726.66, in default of which an order be issued to the sheriff of this county to make the money out of the goods, chattels, and property of said defendants as in cases of execution;" * * and that the defendants pay the costs to be taxed, and that execution issue, &c.

The rules of this court distinctly require that the appellant file with the transcript of the record a petition of appeal, in which the grounds upon which a reversal of the decree is placed shall be distinctly and plainly set forth, and counsel are confined to the matters so stated and set forth in the argument of the cause. No such petition of appeal having been filed, the respective counsel in argument confined themselves to the grounds upon which an appeal was prayed, viz.:

I. That the demurrer filed should have been sustained, and the case dismissed for want of jurisdiction, as the matter in controversy had been and was litigated in the United States Court for the Fifth Judicial Circuit, for the Northern District of Florida.

II. The decree *pro confesso* should not have been confirmed for want of plea or answer, for the reason that the order remanding the said action of ejectment to the State court was not put on file in the clerk's office of Nassau county until January 18th, 1868, and the decree confirmed January 30th, 1868, thereby giving the defendants no proper time for answering.

III. The court erred in granting said decree or judgment for $726.6β against said defendants, for the reason that said defendants were entitled to the use and possession of said property in controversy by virtue of an act of Congress entitled "An Act for the Collection of Direct Taxes in Insurrectionary Districts," approved June 7th, 1862, and the amendments thereto.

IV. The court never obtained proper jurisdiction of the matters in controversy, and therefore all orders, judgments, and decrees made by the court in said action should be set aside.

The first and fourth grounds, arising upon the demurrer, are considered together.

When a court acts without jurisdiction, such acts are void, and may be treated as nullities, or set aside. It is claimed that after the service of the writ of *certiorari*, and the filing of the record and proceedings in the action of ejectment in the Circuit Court of the United States, all right and jurisdiction of the State courts in relation to the subject-matter of the ejectment suit ceased, the Federal court having entire jurisdiction and control thereof. If the proposition had any force whatever in its application to the present case, it would seem to be a two-edged instrument. The record shows that the Federal court remanded the ejectment suit to the State court, and doubtless dismissed its writ of *certiorari* upon the ground of the want of jurisdiction in that court. The ground is not distinctly stated, but as we know of no law authorizing the removal of this action of ejectment from the State court to the United States court by *certiorari*, we presume the defendants had mistaken their rights, and that the suit was attempted to be removed into and prosecuted in the United States Circuit Court, either improvidently, or for some of the reasons alleged by the complainant in his bill.

But the question of conflict of jurisdiction does not arise in this case. The suit commenced in the Nassau Circuit Court was ejectment, and the plaintiff's title to the premises in question was put in issue and a verdict rendered, and judgment in his favor entered and signed, after which the writ of *certiorari* issuing from the Federal court was served upon the clerk of the State court, who made return thereto, transmitting the whole record to the United States court. The State court, out of comity, did not assume to act upon its own judgment duly entered, but delayed action toward the enforcement thereof until the Federal court had decided upon its own jurisdiction, dismissed the case from its consideration, and remanded the record to the State court. The subject-matter of that suit was the title to the premises in question. The subject-matter of this suit is the rents and profits accruing during the time in which the record so remained in the United States court, and from the time of the appointment of the

defendants, Frisbee and Johnson, as administrators of the defendant in the ejectment suit, and after trial and judgment in the State court.

The present suit, therefore, did not involve any question which it was within the province of a court of law to determine. The complainant alleges that he is the owner of the premises, and has recovered a judgment upon his title against the defendant in ejectment. That the acts of the said defendant placed it out of his power to enjoy the fruits of his judgment, viz., the use, rents, and profits of the premises; that the defendants in this suit are the legal representatives of the said defendant, James T. Frisbee; that they are receiving such rents and profits, and are irresponsible, and that the complainant is not secured by reason of the irresponsibility also of the securities of the defendants as administratrix and administrator; that they are reducing the rents in order to get advance payment thereof from the tenants; that the property in the meantime is becoming dilapidated; that the defendants are not keeping it in repair; that there was no Judge of the Circuit Court of the United States in office; that the said proceedings of the defendant, James T. Frisbee, in the matter of said *certiorari*, were not warranted by law, and were an invention and contrivance to keep up a perplexing system of litigation for the purpose of keeping possession of the premises and enjoying the rents and profits thereof, and that these defendants are continuing the same conduct for the same purposes; that they have so realized large amounts of money for the use of his premises, and being without remedy in a court of law, he brings this bill, praying an injunction against the said defendants to restrain them from further collecting such rents, and that a receiver be appointed to receive such rents and profits, and hold the same subject to the order of the court.

It is difficult to see how these things could have been accomplished by the proceedings in ejectment, even had the Circuit Court of the United States entertained and proceeded with that suit. The defendants by their demurrer, and by their failure to

answer these allegations of the complainant's bill, confess them to be true. It seems to be one of those cases in which the proceedings on the part of the complainant are not only warranted, but necessary for his protection. The circumstances required that the rents and profits of the premises in controversy should be held by some indifferent person, under security, until the title should be settled, and the rights of the respective parties to such rents and profits thereby established, to the end that he should be allowed to enjoy them if he established his right. The appointment of a receiver is a matter resting in the sound discretion of the court, and when appointed is treated as the representative or agent of the court, and subject to its orders. 9 Vesey, 338.

Lord Hardwicke considered this power of appointment to be of great importance, and most beneficial tendency, and said: "It is a discretionary power exercised by the court, with as great utility to the subject as any authority which belongs to it, and is provisional only for the more speedy getting in of a party's estate, and securing it for the benefit of such persons who shall appear to be entitled, and *does not affect the right.*" 3 Atk., 564.

This case, as made by the bill, is one coming within the class in which a court of equity will interpose for the protection of parties whose interests are jeopardized, and should be protected where there is no adequate remedy at law. The circumstances are somewhat peculiar, and perhaps the precise case is without direct precedent in the reports, but the principle may be very properly applied. See Jones vs. Jones, 3 Merivale, 174, where the court says it "has in several instances appointed a receiver of personal estate pending a suit in the Ecclesiastical Court."

The demurrer, therefore, was very properly overruled.

The second point made is, that the order remanding the ejectment suit to the Nassau Circuit Court was not filed therein until the 18th of January, 1868, and that the final decree being entered on the 30th January, the "defendant had no proper time for answering." According to the view we have taken of the case, the proceedings in this suit and in the ejectment suit were

independent, and there were at no time any obstacles in the way of the defendants answering this bill before a decree according to the practice of the courts ; nor does it appear that an application was made to the court, after the decree *pro confesso* was entered, for leave to file an answer. The neglect of a party to assert his rights does not ordinarily entitle him to favor.

Upon the third ground, the defendants say the court erred in granting a decree for $726.66 against them, for the reason that the defendants were entitled to the use and possession of the premises in question by virtue of an act of Congress entitled " An Act for the Collection of Direct Taxes in Insurrectionary Districts," and the amendments thereto.

It is true, the complainant in his bill states that the defendants, Frisbee and Johnson, claim to own and to be entitled to the possession of the premises under a tax sale by the Direct Tax Commissioners to James T. Frisbee, deceased, and are in possession by virtue of said tax sale, and that in virtue thereof they are receiving the rents, &c. ; and that the ejectment suit brought into issue their rights under said tax sale. But the validity of their claim under said sale could not well have been brought into issue in this suit. It is not shown or claimed that the said sum of money so decreed to be paid was more than the complainant was entitled to, or that there was any irregularity in the proceedings by which the amount was ascertained, if indeed they were authorized to question the regularity of such proceedings after the decree *pro confesso* was entered. " The defendant will not be heard upon matters occurring subsequent to the default." Megin vs. Filor *et al.*, IV. Fla., 203; Betton vs. Williams, ib., 14.

The final decree in this case must therefore be affirmed, and the cause remanded for further proceedings in accordance with that decree, and the practice of the court.