Jacob Becker, and Rachel Becker, his wife, Isaac Gross and Rosie Gross, his wife, Louis Baum and Anna Baum, his wife, Hyman Bialik and Louis Adler, *Appellants*, vs. The City Trust Company, a Florida Corporation, as Trustee, *Appellee*.

136 So. 642.

Division B.

Opinion filed July 31, 1931.

Petition for rehearing denied January 13, 1932.

*John L. Neeley* and *Sydney L. Weintraub*, for Appellants;

*Knight, Pace & Holt*, for Appellee.

Per Curiam.—This suit was brought by Appellee against Appellants in the Circuit Court of Dade County, to foreclose a trust deed but wound up in a scramble over fees. The trust deed embraced lands in Miami, Florida,

but was given to secure a bond issue of fifty thousand dollars. There was a final decree of foreclosure in favor of Appellee and appeal was taken from that decree.

Errors are predicated on the entry of the final decree and on the decree overruling exceptions to the master's report.

The defendants had defaulted on their payments and the suit to foreclose was seasonably brought and named the proper parties thereto but at the time the bill was filed, negotiations were under way to pay up all past due installments and reinstate the trust deed. On account of the interests involved and the residence of the parties, these negotiations were somewhat drawn out, but all this was known and agreed to by Appellee who also agreed to take no further steps in the cause pending settlement. This course of conduct had the effect of condoning the default in payment on the part of defendants, provided of course that payment was made in due course.

It appears that negotiations to pay up all past due installments proceeded to a point where the full amount due was ascertained and said amount tendered by Appellants but was declined by Appellee, though it was later paid into registry of the court. The tender being declined, a special master was appointed, testimony was taken and a final decree was entered, including trustee's fees of $453.34 and attorney's fees of $2000.

There is no basis whatever in the record for the trustee's fee except the agreement in the trust deed to pay such fees. These agreements must have something to support them before fees under them can be collected. The record and the evidence fully support the agreed indulgence to pay up all past due amounts, restore the status of the trust deed and to forego further proceedings in the cause.

We think therefore that the final decree was erroneous, that Appellants should have been permitted to pay up

all amounts due and restore the status of this trust deed and that the attorney's fee allowed was excessive.

The final decree is accordingly reversed.

Reversed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.