JACOB BECKER, *et al.*, v. HENRY H. TAYLOR, Receiver.

149 So. 591.
Division A.
Opinion Filed August 9, 1933.
Rehearing Denied Sept. 14, 1933.

*Copeland & Therrell* and *John L. Neeley,* for Appellants.
*Kurtz & Reed,* for Appellee.

PER CURIAM.—This is the second appearance of this case here. Becker v. City Trust Company, 102 Fla. 682, 136 So. 642. The former appeal was from a decree foreclosing

a trust deed. It was found that the defendants had defaulted in their payments thereon and that the suit to foreclose was seasonably brought but that at the time it was brought, negotiations were under way to pay up all past due interest and reinstate the trust deed. We held that such a course of conduct had the effect of condoning the default in defendants' payments, provided 'that payment was made in due course.

During the pendency of the former appeal, on or about April 5, 1931, this Court made an order allowing the Chancellor below to hear and determine an application to withdraw the tender of $12,993.29 placed in the registry of the Court and to pay all amounts that defendant was found to be in default. The application was made and granted and, the tender so placed in the registry of the court was withdrawn, and the clerk duly receipted therefor.

On the going down of the mandate, the Chancellor vacated the former foreclosure decree and entered an amended or new decree requiring the defendants to pay the complainant within twelve days from the date of the decree the sum of $12,993.29, being the exact amount previously tendered and withdrawn and which represented all sums due and matured under the trust deed and the bonds secured thereby to January 15, 1930, plus attorney's fees and costs. The instant appeal is from this new or amended decree.

Appellants contend that on the going down of the mandate in the former appeal. the court could do nothing but dismiss the bill while appellee contends that it was the duty of the Chancellor to take such further proceedings in the cause as right, justice, and the law of the State would warrant. In entering his amended decree the Chancellor pursued the latter cause which seems to us to have been proper.

The judgment of the Chancellor accords with law and justice and is hereby affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.