STATE, *ex rel.* LOUIS ADLER, v. PAUL D. BARNS, Judge of the Circuit Court of the Eleventh Judicial Circuit, Dade County, and SUPERIOR APARTMENTS CORPORATION.

166 So. 589.

En Banc.

Opinion Filed March 9, 1936.

*John J. Lindsey,* for Relator;

*Baron de Hirsch Meyer,* and *Patterson, Blackwell & Knight,* for Respondents.

ELLIS, P. J.—This controversy grows out, and is indeed another phase, of a major controversy which has been before this Court several times before. See Becker v. The City Trust Co., 102 Fla. 682, 136 South. Rep. 642; Becker v. Taylor, 111 Fla. 731, 149 South. Rep. 591; Adler v. Superior Apts. Corp., 119 Fla. 127, 160 South. Rep. 868.

The latter case contains a full statement of the contentions made by the different parties. It is unnecessary to repeat here the details of the transaction in which so many persons were involved further than to say that in October, 1933, Adler came into possession of the property, Windsor Apartments. In November of that year Superior Apartments Corporation became the purchaser of the property at a foreclosure sale. The chancellor issued an order to Adler to show cause why the Superior Apartments Corporation should not have a writ of assistance to place it in possession. Adler answered and the same was stricken, from which order Adler appealed. The order was reversed.

In its opinion this Court said that the "alleged fraud revealed by the answer of Adler should have arrested the further execution of the decree and the Chancellor should have received evidence as to the truthfulness of the averments or arrested the execution of the decree, allowed the possession of the property to remain *in statu quo* and permitted Adler to file a bill of review."

It seems, however, that the writ of assistance was issued against Adler in favor of the Corporation on December 5, 1933, and was executed by placing "Byron D. Hirschmeyer" in possession. The petition in this case explains that "Byron D. Hirschmeyer" is a misnomer. His name is "Baron de Hirsch Meyer"; that he is a member of the firm of Meyer & Lipton, who were the attorneys and agents of Superior Apartments Corporation.

When the mandate went down from this Court Adler filed a petition in the Circuit Court to be restored to the possession of the property. The Corporation made no reply, but when the case was brought on for hearing before Honorable Paul D. Barns, as Circuit Judge, counsel for the petitioner and the Corporation argued the same and the Judge denied the petition. In place of granting the petition of Adler the court appointed a receiver of the premises and the rents, issues and profits flowing therefrom. A rehearing was denied. Thereupon Adler made application to this Court for an alternative writ of mandamus, which was issued. The Honorable Paul D. Barns made return thereto and Adler moved for a peremptory writ notwithstanding the return.

The return avers that upon argument of the petition of Adler to be restored to possession, it was suggested by attorneys for both parties that the court appoint a receiver to preserve the *status quo* of the premises until it could be finally determined who was entitled to them. It is also averred that the court considered Adler's answer to the petition for writ of assistance, the response thereto by the Corporation and the bill of review proposed by Adler; that counsel for both parties then made the suggestion about appointing a receiver which the court deemed proper to do in order to preserve the *status quo* of the property."

It is also averred in the return that the execution of the foreclosure decree was arrested by order of the court and Adler's application for leave to file a bill of review granted, and the court allowed an accounting upon the matters alleged in the bill of review; that the court is now exercising jurisdiction of the case. An answer was interposed to the bill of review and the cause referred to a Master to take testimony. In these circumstances the writ of mandamus was applied for the relator, Adler.

There is no question that after a decree confirming a mortgage foreclosure sale and appeal therefrom the court may appoint a receiver to take possession of the property and receive rents and profits pending the appeal. Carr v. Marion Mtg. Co., 99 Fla. 540, 128 South. Rep. 12.

The order appointing the receiver did not tend toward an execution of the decree, but merely to protect the interests and preserve the rights of the parties.

While the decision of this Court in the Adler v. Superior Apts. Corp. case was that the court should have allowed the possession of the property to remain in *status quo,* the substantial point decided was that the execution of the decree should be arrested.

Now, the parties themselves agreed that the appointment of a receiver was the better method to preserve the *status quo* of the premises, while the issue on the bill of review and answer was being settled. That was a reasonable conclusion at which to arrive in view of the fact that even after Adler's bill of review and the answer of the Corporation which put in issue the alleged fraud of Becker and the conspiracy between him and Gross and Baum and the alleged sham Corporation, which Adler contended was merely Becker's *alter ego,* and used by him merely to pay an in-

debtedness upon which he was liable, the court could have appointed a receiver to take charge of the properties.

In these circumstances it does not appear that the Circuit Court has disobeyed a mandate of this Court, nor that. Adler is entitled of right to be restored to possession of the premises nor that it was the clear duty of the court to restore him to possession. On the contrary, it appears that the court in the exercise of its jurisdiction and a clear judicial discretion appointed a receiver in the interest of both parties, which was in fact their suggestion, but which was also within his power to do upon the application of the complainant in the foreclosure proceeding. Singelton v. Knott, 101 Fla. 1077, 133 South. Rep. 71; Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 South. Rep. 241; Frisbee v. Timanus, 12 Fla. 300; A. N. R. Co. v. Sommers, 79 Fla. 816, 85 Sou. Rep. 361.

The motion for peremptory writ is denied and the alternative writ quashed.

TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.