LOUIS ADLER v. JACOB BECKER, *et ux.,* ISAAC GROSS, *et ux.,*
  LOUIS BAUM, *et ux.,* HYMAN BIALIK and SUPERIOR
  APARTMENTS CORPORATION.

178 So. 117.
Division B.
Opinion Filed December 6, 1937.
Rehearing Denied January 18, 1938.

*John J. Lindsey,* for Appellant;

*Loftin, Stokes & Calkins, Baron DeHirsch Meyer* and *George L. Patterson,* for Appellees.

CHAPMAN, J.—This cause·makes its appearance in this Court for the fifth time. It is reported in Becker, *et al.,* v. The.City Trust Company, 102 Fla. 682, 136 Sou. Rep. 642; Becker v. Taylor, Receiver, 111 Fla. 731, 149 Sou. Rep. 591; Adler v. Superior Apts. Corp., 119 Fla. 127, 160 Sou. Rep. 868; State, *ex rel.* Adler v. Barns, 123 Fla. 184, 166 Sou. Rep. 589. ·The parties will be referred to herein as they appeared in the court below as plaintiff and defendants.

On August 23, 1935, Honorable Paul D. Barns, Judge of the Circuit Court of Dade County, Florida, made an order permitting and allowing Louis Adler to file his bill of review within five days, and the same was filed on August 28, 1935, against Jacob Becker and wife, Rachel Becker, Louis Baum and wife, Anna Baum, Isaac Gross and wife, Rosei Gross, and Superior Apartments Corporation. In the bill of review it was alleged, among other things, that on the 15th day of September, 1925, Jacob Becker and wife, Rachel Becker, were the owners of Lot 6, Block 39, Ocean Beach Addition to Miami, Florida, and situated thereon was a certain apartment house with notes or bonds aggregating the sum of $50,000.00, secured by a mortgage covering the property payable to the Miami Bank & Trust Company as Trustee. In April, 1926, Jacob Becker and wife, Rachel Becker, sold and conveyed the property to Isaac Gross and Louis Baum, subject to the outstanding $50,000.00 mortgagee, and received promissory notes aggregating the sum

of $40,000.00 to secure the payment of a second mortgage on the property, and the mortgagee was the Miami Bank & Trust Company, Trustee.

In January, 1927, after the payment of part of the indebtedness on the second mortgage, Jacob Becker conveyed or transferred for and in consideration of $21,000.00 all unpaid notes secured by the second mortgage, and the same was conveyed or assigned from one into another until it reached plaintiff Adler. The City Trust Company was a successor trustee and filed suit to foreclose the $50,000.00 first mortgage on the realty which was reduced to a final decree and an appeal was taken therefrom to this Court and by this Court on hearing thereon reversed the same and it is reported in Becker, *et al.,* v. The City Trust Company, 102 Fla. 682, 136 Sou. Rep. 642.

On going down of the mandate the lower court entered a final decree in behalf of the City Trust Company, Trustee, on the first mortgage, and the property sold and on appeal therefrom to this Court the same was affirmed and reported in Becker .v. Taylor, Receiver, 111 Fla. 731, 149 Sou. Rep. 591. Title to the property as a result of said sale was taken in the name of Superior Apartments Corporation on November 6, 1935, and the sale was by the lower court affirmed November 21, 1933. The plaintiff Adler, on October 9, 1932, was placed in possession of the property by Isaac Gross and Louis Baum, owners of the mortgaged property, and a writ of assistance, after hearing, was issued out of the lower court directing that Louis Adler be ejected and Superior Apartments Corporation be placed in possession.

Plaintiff Louis Adler, as a defense against the issuance of the writ of assistance, set up that in January, 1927, Becker transferred the notes to Hyman Bialik along with

the second mortgage and on the same date the notes and second mortgage were transferred to Louis Adler, and he was placed in possession thereof. It alleged further that a conspiracy on the part of Becker, Gross and Baum existed to perpetrate a fraud upon Adler by freezing him out of all benefits under the mortgage from Gross and Baum to Becker and assigned by Becker to Bialik and in turn transferred to Louis Adler. It was further alleged as a part of the scheme that Becker, who originally owned the property, mortgaged it for $50,000.00. On April 29, 1926, he conveyed the same to Gross and Baum, subject to the $50,000.00 mortgage, and received fourteen notes signed by Gross and Baum aggregating $40,000.00 and secured by a second mortgage on the same property, and in turn Becker transferred the notes and mortgage to Bialik, who likewise transferred them to Adler; that a payment on the $50,000.00 notes or bonds was made by Gross and Becker when it is alleged that Becker, Gross and Baum conceived the plan for Gross and Baum to default in the payment of the bonds of the first mortgage falling due and permit the same to be foreclosed and thus discourage the then present owner or holder of the first notes or bonds for the purpose of precipitating a foreclosure of the first notes and mortgage, and a final decree and deed based thereon would in effect extinguish the second notes and mortgage; that Becker organized a corporation known as Superior Apartments Corporation to be used for the purpose of acquiring the outstanding notes and bonds secured by the first mortgage and to do so at a small fraction of their face value, and did acquire the bonds at a small fraction of their face value and did use them in paying the price bid when the property was sold on said final decree.

This Court sustained the allegations of the answer in-

terposed in the lower court against the issuance of a writ of assistance and directed that evidence be taken in the lower court upon the allegations appearing in the answer. The suit is reported in Adler v. Superior Apts., Corp., 119 Fla. 127, 160 Sou. Rep. 868. The decision of Adler v. Superior Apts. Corporation further held that the entire proceedings could be reviewed by a bill in the nature of a bill of review by permission or order of the Chancellor below. The facts as alleged, it was held, *supra,* were sufficient to support a bill of review and it was alleged therein that a conspiracy existed between Becker on the one hand, and Isaac Gross and Louis Baum on the other, and the Superior Apartments Corporation was the trade name and *alter ego* of Jacob Becker and that the use of the bonds of the first mortgage to satisfy the decree as a matter of law amounted to a satisfaction of the first mortgage and as a result thereof the second mortgage held by Adler, through various assignments, by operation of law became a first and prior lien upon the property.

On the 28th day of August, 1935, upon the filing of the bill of review the court made and entered its said order appointing a receiver to take care of and hold the property during the pendency of the litigation.

On September 26, 1935, Jacob Becker and wife, Rachel Becker, and Superior Apartments Corporation filed an answer to the bill of review in which they denied the conspiracy as charged in detail. The answer further shows that the second mortgage under which. Louis Adler claims or asserts an interest was paid off and discharged by Isaac Gross and Louis Baum and that a conspiracy existed between Isaac Gross, Louis Baum, and Louis Adler to hinder, delay and frustrate enforcement of the final decree of foreclosure and that Adler was in possession of the property

at the time of the issuance of the writ of assistance as a representative of Gross and Baum; that $13,000.00 was deposited in the court for the purpose of preventing the notes secured by the first mortgage becoming past due so that a foreclosure thereof could be maintained; during the pendency of the cause on appeal here the $13,000.00 was withdrawn.

The answer further shows there was no design, intent or conspiracy on the part of Becker, Gross and Baum for the purchase of the bonds or notes of the first mortgage at a sum less than the face value and that said notes or bonds were not purchased through the Superior Apartment Corporation. They denied the acquisition of the bonds on the part of the Superior Apartments Corporation as a matter of law constituted a payment and discharge of the first lien and that the obligations secured by the second mortgage, by operation of law, became a first lien upon the property; that the answering defendants had no interest in the property other than protecting the notes as a maker and in seeing that Gross and Baum paid the notes or bonds secured by the first mortgage so as to protect Becker, whose name appeared thereon.

The answer contained a motion to dismiss the bill of complaint on various grounds; an adequate remedy at law, no equity in the bill, lack of diligence on the part of plaintiff and other grounds unnecessary to recite.

On October 4, 1935, the lower court referred the cause to Henry M. Jones, Esq., with directions to take the testimony of the parties and to report his findings and recommendations of law and of fact. Considerable testimony was taken before the Special Master and his report as made was excepted to by the plaintiff and on final hearing the exception as made by plaintiff to the Master's report in the

lower court was denied and the equities of the cause were found by the Chancellor to be with the defendants and the suit, by an appropriate order or decree, was dismissed.

A petition for rehearing was made by counsel for plaintiffs under date of February 23, 1937, and the lower court, upon hearing of counsel for the parties, denied the petition for rehearing and adhered to the previous opinion rendered in the cause, which was dated March 12, 1937.

The plaintiff below perfected his appeal to this Court and presents twenty assignments of error for reversal of the decree appealed from, but these different assignments can be grouped for a decision of this cause.

This Court, speaking through Mr. Justice ELLIS in the case of Adler v. Superior Apartments Corporation, *supra,* was diligently endeavoring to determine the truth when it suggested the facts alleged justified a bill of review if permitted by an order of the Chancellor below. The functions of a bill of review were stated by this Court in the case of Yager v. North & South Alfia River Phosphate Co., 82 Fla. 38, text pages 44-45, 89 Sou. Rep. 340, when it said:

"* * * This suit was brought to annul the proceedings and decrees in another suit decided in the same court. The bill was therefore not an original bill. The subject of the litigation had its origin and source in the controversy involving the partition of the lands between the two corporations. The facts alleged in the bill in the instant case appear not to have arisen subsequently to the former litigation, but were then available to a diligent person interested to the controversy. It is a bill to reverse a decree rendered in the partition suit. It is therefore a bill of review, but it does not rest upon error apparent, nor upon new matter arising after the rendition of the decree; but attacks the decree upon the ground of fraud alleged to have been per-

petrated by counsel in the cause and manipulations of officers of one of the corporations interested in the lands; but no leave was granted by the court nor asked for by complainant to file the bill so far as the record discloses. The allowance of a bill of review is not a matter of right in the parties, but rests in the sound discretion of the court to be exercised cautiously and sparingly, and under circumstances that demonstrate it to be indispensable to the merits and justice of the cause. See 10 R. C. L. 575."

Also in Mattair, *et al.,* v. Card, 19 Fla. 455, text page 458, when it was said:

" 'The object of a bill of review, and of a bill in the nature of a bill of review, is to procure the reversal, alteration or explanation of a decree made in a former suit. If the decree has been signed and enrolled, a bill of review must be filed; if not, a bill in the nature of a bill of review.'

" 'A bill of this character can only be brought upon error in law appearing on the face of the decree without further examination of matters of fact; or upon some new matter which has been discovered after the decree, and could not possibly have been used when the decree was made. If the bill is filed on the ground of error, the decree complained of must be contrary to some statutory enactment, or some principle or rule of law or equity, recognized and acknowledged, or settled by decision, or be at variance with the forms and practice of the court; but the bill cannot be maintained where the error is in mere matter of form, or the propriety of the decree is questioned.' 2 Dan. Ch. Pl. & Pr., 1576, and authorities cited."

The basis of assignments 1, 2, 3 and 5 is, viz.:

"I further find that on or about the 4th day of March, A. D. 1927, Jacob Becker and Isaac Gross negotiated with each other as to a reduction of the amount of the second

mortgage, and that as a result of these negotiations it was agreed that the said Isaac Gross and Louis Baum were to pay to the said Jacob Becker the sum of $21,000.00 which said sum was to be in full satisfaction and payment of second mortgage, and that to carry out the terms of this agreement, the said Jacob Becker placed the notes and mortgage with the Miami Beach Bank and Trust Company, and that letters of escrow were executed providing for two payments, as follows: $8,500.00 to be paid on April 4, 1927; and the sum of $11,000.00 to be paid on the 15th day of September, 1927. At the time of the execution of this escrow Isaac Gross paid to the defendant Jacob Becker the sum of $1500.00 cash.' "

" 'That the deferred payments were later made, according to the terms of said escrow; and the Miami Beach Bank and Trust Company thereupon forwarded said notes and mortgage to the said Isaac Gross and Louis Baum in New York, together with the satisfaction of said mortgage and also an assignment of said mortgage, said assignment being in blank, and that said blank was later filled out in the name of the plaintiff and was recorded in Dade County, Florida.' "

The contentions of plaintiff were decided adversely when all the parties were before the court and a final decree entered on the foreclosure of the first mortgage. The question of the assignment or payment of the second mortgage was of no consequence as it was subject to the first mortgage. There was no error in this ruling.

Assignments of error 7, 8, 9, 10, 11, 12, 14, 15, 16, 17 and 18 are each predicated on adverse rulings of the court below on questions of fact. It is a common occurrence for the best minds to have fixed considerations when such conflicts arise. This Court cannot as a matter of law lightly

disregard the findings of a Chancellor who had before him all the parties, witnesses, and having heard all the testimony, reached a conclusion and placed the same in the form of a final decree. This Court in the case of Farrington v. Harrison, 95 Fla. 769, text page 770, 116 Sou. Rep. 497, said:

"We also bear in mind the oft reiterated rule that while the findings of the chancellor on the facts where the evidence is heard by him, and the witnesses are before him, are entitled to more weight in the Appellate Court than where such findings are made in a cause where the testimony was not taken before the chancellor, yet in either case the chancellor's findings should not be disturbed by an Appellate Court unless shown to be clearly erroneous. Sandlin v. Hunter Co., 70 Fla. 514, 70 South. Rep. 553; Travis v. Travis, 81 Fla. 309, 87 South. Rep. 762; Lucas v. Wade, 43 Fla. 419, 31 South. Rep. 23. On the other hand, where a decree is manifestly against the weight of the evidence or contrary to and unsupported by the legal effect of the evidence, then it becomes the duty of the Appellate Court to reverse such decree. Carr v. Leslie, 73 Fla. 233, 74 South. Rep. 207; Florida National Bank v. Sherouse, 80 Fla. 405, 86 South. Rep. 279; Gill v. Chappelle, 71 Fla. 479, 71 South. Rep. 836; Lightsey v. Washington Park Properties, 112 South. Rep. 555."

Counsel for appellant contends that when Becker paid off and discharged the first mortgage on the premises that by operation of law, the second mortgage held and owned by Louis Adler became the first lien upon the mortgaged premises. The doctrine of subrogation is cited to support this position. See case of Boley v. Daniel, 72 Fla. 121, 72 Sou. Rep. 644, with citations from other jurisdictions. The record shows that Adler was in possession of the

premises under Gross and Baum by virtue of a conveyance which recites that it was made subject to an outstanding mortgage in the sum of $50,000.00. The notice of an application for writ of assistance to eject Louis Adler was had and Louis Adler filed an answer thereto, and the same was reviewed by this Court in the case of Adler v. Superior Apartments Corporation, *supra.* We fail to see or observe where this assignment has merit.

The burden of proof of the material allegations of the bill of review as denied or otherwise made an issue or issues by the answer or answers of the defendants rested upon the plaintiff. We have considered not only the quantum of the evidence but inferences reasonably expected to be deducted and in weighing the force, value and effect of the evidence offered in support thereof we have concluded the chancellor below was correct in holding that the material allegations had not been sufficiently established by the evidence to enter a decree as prayed for and for this reason there was no error in dismissing the bill of review on final hearing. The decree appealed from is hereby affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, C. J., not participating because of defective eyesight.