SWANN, Judge.
This is an appeal from a Final Decree entered by the Circuit Court of Dade County, Florida, in a suit to cancel and terminate a lease.
The appellant, Augusta Corporation, was the defendant below, and Edna H. Strawh and Iva L. Hillyer, appellees herein, were plaintiffs. Augusta Corporation will be referred to as appellant herein, and the other parties as appellees.
The appellees instituted a suit in Chancery to cancel a ninety-nine year lease which existed between the appellees as lessors and the appellant as lessee. Pursuant to the terms of the lease, appellant erected ninety-six apartment units on the property covered by the ninety-nine year lease.
The case was tried on the question of whether or not the appellant had allowed the property to become in such substantial disrepair as to entitle the appellees to a cancellation of the lease for the failure of the appellant to maintain the property in accordance with the terms of the lease agreement.
The appellant admitted the property was in need of repair,' but contended that it should be relieved from a forfeiture of its leasehold interest if the court found that it had breached its covenant of repair. The appellant corporation claimed it was unable to take any affirmative action to repair or maintain the premises as a result of “internal strife” existing between the two fifty percent stockholders of appellant corporation. This “internal strife” was not rectified until subsequent to the filing of the suit to cancel the lease, and prior to the final hearing in the cause.
The Chancellor found that the premises covered by the ninety-nine year lease had fallen into a substantial state of disrepair, and that the appellant had failed to repair the same after having received notice from the appellee to put the building in a good state of repair in accordance with the lease.
The Chancellor determined that the inability of the corporation to furnish and to make the necessary repairs, because of internal strife in the corporation, was not *424 ¡sufficient reason for a court of equity to exercise its discretion and to relieve the 'tenant from the forfeiture of its leasehold estate..
The Chancellor accordingly entered a final decree cancelling the lease and from this final decree the appellant has prosecut- ’ ed this appeal. We agree with the Chancellor.
Under a provision of a lease or an agreement, to the effect that a breach of a covenant to repair or remedy defects in the premises shall work a forfeiture, it will, in the absence of special circumstances, permit the lessor to declare a forfeiture on occurrence of the breach. This is true even though the condition is a harsh one. See 51 C.J.S. Landlord and Tenant §§ 104, 107 ((1947).
The internal problems of a corporate lessee cannot relieve it of its express duties, under a written lease, to repair and maintain the buildings on the leased premises, in accordance with the conditions required under the lease.
As the learned Chancellor observed, if this were not the case, no lease could ever be safely made with a corporation. Otherwise, any corporate lessee could refuse to pay rent; or commit any other substantial default under its lease, and when sued, merely state in defense that it could not act because of internal strife among its stockholders. The internal trials and tribulations of the- corporate lessee cannot be visited upon the lessors.
The learned Chancellor below heard the testimony, observed the demeanor and credibility of the witnesses, and examined the documentary proof submitted by all parties. His findings come to this court with a presumption of correctness and this presumption will not be lightly set aside. Adler v. Becker, 1937, 130 Fla. 330, 178 So. 117.
The appellants also contend that the trial court was in error in cancelling the lease, because the leased property was in "custodia legis” at the time of the receipt of the notice of default.
A suit had been filed in a different division of the trial court for the dissolution of the appellant corporation. This suit involved the two fifty percent stockholders. In the course of that suit, the attorneys for the respective parties agreed that the management of the property involved herein should be handled by Bonded Collection Agency subject to court approval. The record discloses the following comments at that hearing, by counsel for one of the parties:
“Then we can just turn it over to Bonded and let them handle it on the ordinary fee rental basis, which would he lesser than a receivership basis.”
This was agreed to and approved by the trial court in that cause.
It is apparent from the record that no receiver was ever appointed in that matter. The property was not in custody of the court at the time of the receipt of notice of default, but was being managed by an independent property management company upon the express agreement of the attorneys for the respective stockholders. This could not and did not relieve the lessees of their express duties under the written terms of the lease to provide for the maintenance and repair of the property in accordance .with the .terms of the lease.
There having been no error, or abuse of discretion, shown in the ruling below, the decision appealed from is
Affirmed.